UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

P.R., individually and on behalf of H.R.,

     Plaintiff,

  -v-                                                No. 17-CV-4887-LTS-KNF

NEW YORK CITY DEPARTMENT OF
EDUCATION,

     Defendant.

-------------------------------------------------------x

## ORDER

        Plaintiff P.R. ("Plaintiff" or "P.R.") moves pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. Section 1415(i)(3), for an award of attorneys' fees, costs, and expenses incurred in connection with (i) administrative proceedings against the Defendant New York City Department of Education ("Defendant" or "DOE"), and (ii) the motion for fees, costs, and expenses that is now before the Court. (Docket Entry Nos. 14-18 and 25-29.) Defendant opposed the motion. (Docket Entry Nos. 21-22 and 30.)

        Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") on July 19, 2018, recommending that the Court award $85,958 in attorneys' fees and $476.13 in costs to Plaintiff. (Docket Entry No. 33.) DOE filed a timely objection, asserting that (i) Magistrate Judge Fox erred in failing to reduce the Plaintiff's requested rates to those consistent with the prevailing rates of attorneys and paralegals in the Eastern District of New York, (ii) the declarations and retainer agreement submitted in support of Plaintiff's motion provided insufficient evidence of the applicable prevailing hourly rate, (iii) Magistrate Judge Fox improperly shifted the burden of proof onto Defendant to justify its proposed reductions to

Plaintiff's requested hours, (iv) Magistrate Judge Fox should have reduced Plaintiff's fee award to reflect her limited success at the administrative level, and (v) Magistrate Judge Fox failed to consider Defendant's surreply to Plaintiff's motion for attorneys' fees. (See Docket Entry No. 36.)

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2017). The Court is required to make a <u>de novo</u> determination as to the aspects of the Report to which specific objections are made. <u>U.S. v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates its original arguments, the Court reviews the Report only for clear error. See <u>U.S. ex rel. Casa Redimix Concrete Corp. v. Luvin Constr. Corp.</u>, No. 00-CV-7552-HB, 2002 WL 31886040, at *1 (S.D.N.Y. Dec. 27, 2002) (objections that rehash the same arguments and positions taken in original submissions will not invoke <u>de novo</u> review of report and recommendation); <u>Schoolfield v. Dep't of Corr.</u>, No. 91-CV-1691-MJL, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating that the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form a specific basis for not adopting the report and recommendation). Objections to the Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. <u>Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan</u>, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992).

To the extent that Defendant's objections raise arguments that were previously raised in opposition to Plaintiff's motion for attorneys' fees and were, therefore, considered by Magistrate Judge Fox in formulating his Report, the Court finds that there is no clear error in his

recommended award.  Defendant's objections have been reviewed de novo to the extent they raise specific objections to the Report.  The Court finds that Magistrate Judge Fox considered all relevant facts in accordance with the applicable standards—including the burden of proof—as explained extensively in his Report.  (See Docket Entry No. 33 at 15-17.)  In particular, the Court finds that Magistrate Judge Fox did not improperly shift the burden of proof as to the reasonableness of hours claimed, as Defendant argues in its objection, because Magistrate Judge Fox found, as does the undersigned, that Plaintiff proved the reasonableness of claimed hours.  The Court also concludes that Plaintiff's submissions were sufficient to establish the reasonableness of the rates charged.  Partial reduction of fees based on Plaintiff's partial success in the administrative proceedings is not warranted for substantially the reasons set forth in Magistrate Judge Fox's thorough and well-reasoned Report:  the issues on which Plaintiff did not prevail did not affect materially her success in obtaining the relief she sought, as "plaintiff obtained major relief at every stage of the proceeding and actually achieved her major objectives."  (Docket Entry No. 33 at 28 (internal quotation marks omitted).)

Therefore, the Court adopts the Report in its entirety and awards Plaintiff attorneys' fees in the amount of $85,958 and costs in the amount of $476.13.  The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

Docket Entry No. 14 is resolved.

SO ORDERED.

Dated: New York, New York
     September 10, 2018

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge